HELEN S. CHONG *v.* P. Y. CHONG, ALIAS CHONG YICK CHEW.

No. 2381.

Argued May 7, 8 and 9, 1940.    Decided July 15, 1940.

Coke, C. J., Peters and Kemp, JJ.

542

OPINION OF THE COURT BY PETERS, J.

Upon the petition of the wife, summary process in the form of a show cause was issued against the husband, P. Y. Chong, libelee-appellant herein, hereinafter referred to as respondent, to enforce by contempt proceedings the order of this court of August 10, 1938, securing the reasonable support of the petitioner and the maintenance of the minor children of the parties, pending respondent's appeal.

Respondent's contumacy in respect to this same order has been previously before this court in a slightly different form. Pending respondent's appeal on the merits, petitioner, as appellee, moved to dismiss the former's appeal upon the ground that he had failed to make payments required for the months of March, April and May, 1939. The motion was denied upon the ground, among others, that it conclusively appeared that the respondent had, since early in March, 1939, by proceedings instituted by the petitioner, been deprived of his income and that he had, during all of that period, been entirely without means with which to comply with the order of the court. (See *ante*, pp. 69, 74.) Petitioner's amended motion to dismiss was filed May 10, 1939. The appeal on the merits was decided April 4, 1940, and notice of decree was remitted to the judge of the division of domestic relations on May 1, following, at which time the order of temporary alimony and maintenance, under its terms, ceased to operate.

The respondent, by way of return to the show cause, admitted his failure to comply with the order of August 10, 1938, since March, 1939, as claimed by petitioner, but

defended upon the ground, similarly as upon the previous proceedings referred to, that during all of the period from March, 1939, to May 1, 1940, when the order ceased to be operative, he had been entirely without means with which to comply with the order of the court.

A hearing was had upon the show cause. It resolved itself into one solely upon the issue of the financial ability of the husband, during the period in question, to comply with the order of the court. Evidence was offered by both parties in support of their respective claims.

Without reciting in detail the evidence adduced, it is sufficient to say that there does not appear to have been any change for the better in the financial condition of the respondent. Since May, 1939, he has been entirely without means with which to comply with the order of temporary alimony and maintenance. He had no money or property of any kind and was wholly dependent upon his own earnings. He is now in the same condition financially. Construing the evidence in a light most favorable to the wife, it appears that the respondent has a contingent interest in a restaurant which he conducts in Honolulu as manager, the entire furniture, fixtures and equipment of which were provided by or upon the credit of friends; that if and when the cost thereof has been repaid and fully satisfied by him out of the profits of the business, the restaurant, together with its furniture, fixtures and equipment, shall belong to him; that this contingency is extremely remote, the operation of the restaurant thus far and up to the date of hearing not having been successful; that during the early period of the restaurant's existence, the respondent was in the receipt of a salary of $150 a month but that no excess remained after the payment of his individual living expenses, the repayment of small loans to other creditors and the payment of monthly installments on an auto-

mobile, purchased under a conditional sales agreement for use in connection with the restaurant; but that latterly the business of the restaurant had been so poor that he was only able to draw by way of salary sufficient to pay for his room rent and laundry.

The respondent apparently is attempting to rehabilitate himself as a restaurateur and caterer of Chinese foods. That his new venture has not proved successful is one of the unfortunate vagaries of business life. There is certainly nothing to indicate that he has voluntarily embarked upon a losing venture to thereby willfully incapacitate himself from complying with the order of temporary alimony and maintenance. The respondent ventured the opinion that if his services as a chef were desired he could reasonably demand a salary of $200 a month. That, instead of seeking employment, he persists in carrying on a restaurant business as a proprietor, does not of itself indicate that he is thereby seeking to evade further payment of alimony and support money. That is a matter of judgment and if exercised in good faith is not subject to the supervisory control of this court. This conclusion is in harmony with the authorities which do not recognize the right of a court in cases of this kind to control a man's economic ventures, although insistent that if he is able he shall obey the orders of the court. Where, as here, it appears that a husband, against whom an order of temporary alimony and maintenance has been entered *pendente lite,* is financially unable to comply with the order and such inability is not the result of the willful and contumacious refusal to comply therewith, such financial inability is a complete defense.

Much was made upon the hearing and in argument that respondent had twice paid the monthly installment on the automobile purchased for the use of the restaurant and that one installment had been paid from the current

funds of the restaurant. The monthly installments were $50. It does not appear, however, how much had been paid on account of the automobile nor in whose name it was registered as owner under the statute. But if the respondent possessed or possesses any substantial interest in the automobile in question that interest is subject to execution or other similar process and his action in that regard does not call for the harsh and summary remedy of contempt.

The show cause is discharged.

*W. Y. Char* (*C. S. Davis* with him on the brief) for petitioner.

*W. H. Heen* and *M. K. Ashford* (also on the brief) for respondent.